UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GEORGE W. IACOBELLI

               Plaintiff,

-against-

NYPD OFFICERS JOHN and JANE DOE, 1-24;
DOT OFFICIALS JOHN and JANE DOE 1-12;
EMS JOHN and JANE DOE 1-24; MANAGEMENT
OF JOHN and JANE DOE 1-13; DOLLAR TREE
CORPORATION; KEY FOOD SUPERMARKET
OWNER JOHN DOE; SHAROON RASSUL,
Landlord,

               Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-4100 (AMD) (RLM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 18 2019 ★
BROOKLYN OFFICE

**ANN M. DONNELLY,** District Judge:

On July 12, the plaintiff, George W. Iacobelli, commenced this *pro se* action alleging personal injuries and violations of his constitutional rights. (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2) is granted solely for the purpose of this order. For the reasons discussed below, the complaint is dismissed.

**STANDARD OF REVIEW**

A district court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In assessing a complaint, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

1

The Court must "liberally construe[]" pleadings by *pro se* parties, and interpret the complaint to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, district courts have "authority to 'pierce the veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court "is not bound . . . to accept without question the truth of the plaintiff's allegations." Thus, it need not accept as plausible an allegation "that cannot be rebutted by judicially noticeable facts." *Id.*

## DISCUSSION

The complaint does not state a plausible claim under any standard. Liberally construing the complaint's narrative, the plaintiff appears to complain of a conspiracy between various government agencies and private companies to harm the plaintiff. For example, the plaintiff states:

> The N.Y.P.D., the Queens D.A., E.M.S. and the D.O.T. egregiously looted, misused and squandered public resources to carry out a malicious vendetta. These agencies abusively and discriminately exploited cutting edge technology and GPS to form (a high-tech lynch mob that stalked me all day). It didn't matter if I were 'delivering pretzels' to the sponsor of my publications! They were maliciously and egregiously abusing these publically [sic] funded assets as though (they personally paid for them) or have personal ownership of these public assets! These squads consisted of a bunch of malicious individuals acting like mindless goons, bullies and stooges that would follow me around or encircle me all day. Their efforts were to disrupt my consensus driven publications, explicit and extensive video are available to confirm their activities.

(ECF No. 1 at 14.) The plaintiff also claims that as a "direct result of a brutal, barbaric and calculated N.Y.P.D. Operations[,]" the plaintiff's dentist "made the gruesome assessment that [the plaintiff] would have to have more than two thirds of [his] teeth replaced with prosthetics." (*Id.* at 10.) The plaintiff seeks over $346,000,000 in damages. (*Id.* at 7.)

2

The plaintiff's allegations, even under the very liberal reading afforded to *pro se* pleadings, can only be described as frivolous and "clearly baseless." *Denton*, 504 U.S. at 33; *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless-that is, they are fanciful, fantastic, or delusional."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 25; *Khalil v. United States*, Nos. 17-CV-2652 (JFB), 17-CV-5458 (JFB), 2018 WL 443343, at *3 (Jan. 12, 2018).

Given the nature of the plaintiff's complaint, I conclude that this action should not proceed any further. *See Raoul v. City of N.Y. Police Dep't*, No. 14-CV-1787, 2015 WL 1014204, at *2 (E.D.N.Y. Mar. 6, 2015) (dismissing complaint where the claims were "based purely on wide-ranging, incoherent allegations of a massive conspiracy by numerous federal, state, and local government entities to persecute him through tactics ranging from aerial drone surveillance to messages beamed directly into his mind"). Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this action must be dismissed. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                      _____
                                      ANN M. DONNELLY
                                      United States District Judge

Dated: July 18, 2019
       Brooklyn, New York